CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 15, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE VARGAS-GARCIA,<br><br>*Defendant.* | CASE NO. 3:25-cr-5<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Defendant Jose Vargas-Garcia moves to revoke a detention order pursuant to 18 U.S.C. § 3145(b). Upon consideration of Defendant's arguments and a de novo review of the record, the Court denies his motion (Dkt. 22) because no conditions of pretrial release will reasonably assure Defendant's appearance at trial.

## I. BACKGROUND

Defendant, whose given name is Rene Osvaldo Diaz-Mayen, is a Mexican citizen. Dkt. 22 (Mot. to Revoke Det. Order) at 1. Some time prior to October 2003, Defendant illegally entered the United States as a young man under the name Jose Vargas-Garcia. *Id.* In October 2003, the Defendant was convicted in Shasta County, California for felony transportation for sale of a controlled substance and was sentenced to six years' incarceration. Dkt. 3-1 (Aff. in Supp. of Crim. Compl.) ¶ 8. Upon release, he entered U.S. Immigration custody and was removed to Mexico on November 16, 2006, pursuant to an Immigration Judge's order. *Id.*

At some point, Defendant returned to the United States without consent to reapply for admission. Upon reentry, he assumed the name "Miguel Mayen-Perez." Dkt. 22 at 1. He has operated a business in the Charlottesville area under this name since 2007. *Id.* at 2.

1

On October 29, 2023, Defendant was arrested for driving under the influence (DUI) of alcohol and presented identification bearing the name "Miguel Mayen-Perez." Dkt. 3-1 ¶ 6. A "fingerprint supported record check" revealed that Miguel Mayen-Perez was the same Jose Vargas-Garcia who was removed in 2006, and that he had made no application for reentry. Defendant now faces a charge of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1). Dkt. 26 (Indictment).

At Defendant's initial appearance on this charge on March 14, 2025, Magistrate Judge Joel C. Hoppe found that Defendant presented a serious risk of flight and that no conditions existed under which the court could insure Defendant's appearance at trial. Dkt. 22-2 (Bond Hearing Transcript) 36:3-6. Accordingly, Judge Hoppe entered a detention order. *Id.* at 36:11-12.

The Defendant seeks to revoke Judge Hoppe's detention order, arguing that his significant ties to the community and his minimal criminal history weigh in favor of his release.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3145(b), the district court reviews a magistrate judge's detention order de novo. *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished). The reviewing court may rely on the record from the detention hearing held by the magistrate and is not required to hold a second evidentiary hearing. *See United States v. Hayward*, No. 7:24-CR-1, 2024 WL 1197916, at *3 (W.D. Va. Mar. 20, 2024) (holding that a second hearing and oral argument was unnecessary because the court could resolve an 18 U.S.C. § 3145(b) motion based on a review of written submissions, Pretrial Services Report, and audio of the earlier detention hearing); *United States v. Jackson*, No. 7:19-CR-126-FL-2, 2019 WL 4689144, at *1 (E.D.N.C. Sept. 25, 2019) (collecting case law on discretion of district courts to determine whether to conduct a new evidentiary hearing).

2

Under The Bail Reform Act, when an individual is charged with a federal offense, a court should generally allow for pretrial release on personal recognizance, upon the execution of an unsecured appearance bond, or upon a combination of conditions. 18 U.S.C. § 3142(a)-(c). However, pretrial detention is permissible if a judicial officer holds a hearing and concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). When conducting this analysis, a judicial officer considers the following:

   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   (2) the weight of the evidence against the person;

   (3) the history and characteristics of the person, including—

       (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

       (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government bears the burden of proof and must show either (1) that the defendant is a flight risk based on a preponderance of evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings or (2) that the defendant's release will endanger the safety of any other person or the community based on clear and

3

convincing evidence. *Stewart*, 19 F. App'x at 48 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) and *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)).

### III. ANALYSIS

After reviewing the existing record (including the Pretrial Services Report (Dkt. 9) and transcript of the detention hearing held on March 14, 2025 (Dkt. 22-2)) as well as the Defendant's motion, the Court finds that a hearing is unnecessary and that further argument would not aid the decision-making process.

The Court has considered the statutory factors enumerated in The Bail Reform Act, 18 U.S.C. § 3142(g), and finds that although the Defendant does not pose a danger to the community, the Government has met its burden of showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at trial. *See* 18 U.S.C. § 3142(e); *Stewart*, 19 F. App'x at 48 (explaining that when flight risk is basis for detention, Government must prove by preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings).

The nature and seriousness of the crime with which Defendant is charged weigh in favor of detention. Defendant is not a United States citizen and has previously been deported. Due to his prior drug trafficking conviction, if he is convicted of the instant charge, he faces up to ten years in prison and a very high likelihood, if not certainty, of deportation. *See* Dkt. 27 (Indictment); 8 U.S.C. § 1326(a)&(b). The possibility of a lengthy prison term and deportation creates an incentive to flee.

The evidence regarding the Defendant's history and characteristics supports both the argument for release and the justification for pretrial detention. On the one hand, Defendant has

4

strong ties to the community. He has lived in the area with his partner for 15 years. They have two daughters, ages 9 and 14. He owns property here. He operates a business and has established friendships. Friends, family and work acquaintances proffered letters attesting to his character and work ethic. However, Defendant has admitted to using two aliases in addition to his birth name – Jose Vargas-Garcia and Miguel Diaz-Mayen. Use of an alias has allowed him to evade law enforcement, his past drug conviction and deportation. If released, he could flee and change his name again to avoid the consequences of the current charge. Given these circumstances, the Court finds that Defendant does present a serious risk of flight and that no conditions exists to ensure that he would appear for court as required.

In support of pretrial release, Defendant argues that his only felony was 20 years ago and that he appeared for all hearings related to his DUI and paid all fines. However, the felony, although aged, is serious and is meaningfully different than the DUI charge, which carries no significant risk of imprisonment. Defendant's prior disrespect for the legal system (illegal entry, drug trafficking, use of false identification, and driving under the influence) combined with the significant incentive that exists for the Defendant to flee to avoid possible imprisonment and deportation weigh in favor of pretrial detention.

Accordingly, based on the 18 U.S.C. § 3142(g) factors, the Court concludes that the Government has established by a preponderance of the evidence that Defendant would pose a flight risk if he were released prior to trial. No condition or combination of conditions of release will reasonably assure the appearance of Defendant at trial.

### IV. CONCLUSION

Because Defendant poses a serious risk of flight, his Motion to Revoke Detention Order (Dkt. 22) will be DENIED in an accompanying order.

5

Entered this 15th day of April, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE